JUSTICE COTTER
dissents.
¶20 I dissent. In light of the facts before us, I cannot in good conscience sign an opinion that affirms a felony conviction for Hamilton’s failure to register as a sexual offender in Montana.
¶21 As the Court notes at ¶ 3, Hamilton pled guilty to the crime of Communication with a Minor for Immoral Purposes (CMIP) in the State of Washington in 1996, when he was sixteen years of age. The crime was characterized under Washington law as a “gross misdemeanor.” The proof required for conviction of this crime was (1) communication (2) with a minor (3) for immoral purposes.
¶22 In its brief to this Court, the State argued that the offense for which Hamilton was convicted in Washington was “reasonably equivalent” to Montana’s crime of “Sexual Abuse of Children,” found at § 45-5-625, MCA. This statute criminalizes the exploitation of children via sexually explicit photographs or videotapes, the procurement of children to engage in actual or simulated sexual conduct, and the possession of photographs or tapes showing such conduct with the intent to distribute them. A person convicted of this felony can be imprisoned for up to 100 years or life. Section 45-5-625(2), MCA.
¶23 The State urges us to affirm Hamilton’s felony conviction for failure to register, not on the basis of retroactivity of the 2005 law, which it specifically urged us not to address, but rather because the Montana Sexual and Violent Offender Registration Act (SVORA) imposes the registration requirement on “sexual offenders” who have violated the law of smother state “that is reasonably equivalent to a violation” listed in the SVORA. The only crime in the SVORA “sexual offense” category that the State could even tangentially analogize to Hamilton’s CMIP conviction is “Sexual Abuse of Children,” a reprehensible and revolting felony crime. The State wants us to conclude these offenses are “reasonably equivalent.” Given what Hamilton did at the age of sixteen to merit a CMIP conviction, I submit the analogy is wholly inapt.
¶24 The State describes the circumstances leading to Hamilton’s 1996 misdemeanor conviction in its brief as follows:
The presentence investigation report (PSI) shows that Hamilton, who had been read his Miranda rights and was in the presence of *150 his mother, gave a taped statement to Washington police officers where he “admitted to asking the girls [on the school bus] to take off their clothes and spread their legs so they could make some money.” At least one of the girls was 10 years old. The girls reported that Hamilton and another boy offered them money if they took off their clothes and told them “to lay down and they would be our pimp.”
Hamilton was a naughty boy who deserved to be kicked off the school bus, suspended from school, and grounded by his parents. That the State of Washington would elevate his juvenile delinquency to a gross misdemeanor is a matter beyond my understanding and certainly beyond our control. But, for the State of Montana to pursue and secure a felony conviction and a lifetime requirement that Hamilton register as a sexual offender on the basis of churlish school bus behavior is, in my judgment, outlandish.
¶25 I do not fault the legal correctness of the Court’s retroactivity analysis. However, I do fault us for reaching what I believe to be a patently unfair and absurd result. In lieu of the analysis conducted by this Court, I would have accepted the express request of the State-as Appellee-to evaluate Hamilton’s felony conviction on the basis that the Washington CMIP offense committed by Hamilton was “reasonably equivalent” to Montana’s “Sexual Abuse of Children” crime, and I would have unequivocally reversed. I dissent from our refusal to do so.